**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CRYSTAL CITY EMERALD INC.**                                                                             **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO. 3:16CV104-MPM-SAA**

**J.P. MORGAN CHASE BANK, N.A. and
SHAPIRO & MASSEY, LLC**                                            **DEFENDANTS**

**ORDER DENYING MOTION FOR CLERK TO
MAIL COPY OF THIRD-PARTY COMPLAINT
AND SUMMONS TO THIRD PARTY DEFENDANT**

JPMorgan Chase Bank, N.A. ("Chase") seeks an order directing the Clerk of Court to mail a copy of the third party complaint and summons to the third party defendant. Docket 36. On July 18, 2016, Chase filed a counterclaim and third party complaint naming Joyce L. Bell as a third party defendant, but has been unable to serve Bell despite multiple attempts. Docket 21. Chase had summons by publication issued on September 20, 2016, and now seeks to have the Clerk of Court mail a copy of the summons and third party complaint to Bell.

Chase asserts that Mississippi Rule of Civil Procedure 4(c)(4)(C) requires that the Clerk of Court mail a copy of the summons and complaint to the last known address of Bell. However, Chase provides no legal support for this argument other than a citation to Federal Rule of Civil Procedure 4(e) and Mississippi Rule of Civil Procedure 4(c)(4)(C).

While Federal Rule of Civil Procedure 4(e)(1) does allow service by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made," there is nothing in the Mississippi Rules of Civil Procedure that imposes any duty on the Clerk of this Court with respect to accomplishing service by publication in this case. Miss. R. Civ. P. 4(c)(4)(A) provides that

service may be made by publication "in any proceeding in a chancery court, or in any proceeding in any other court where process by publication is authorized, by statute, . . . ." This proceeding is not in a chancery court, and Chase has identified no statute otherwise authorizing service by publication in this proceeding. Therefore, service by publication is not a proper method of obtaining service on Joyce L. Bell in this case. As such, the Motion for Clerk to Mail Copy of Third-Party Complaint and Summons to Third Party Defendant is **DENIED**.

This, the 18th day of October, 2016.

s/ Roy Percy<br>
UNITED STATES MAGISTRATE JUDGE